# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 17-17361 |
| | : | |
| Richard M. Osborne, | : | Chapter 7 |
| | : | |
| Debtor. | : | Hon. Arthur I. Harris |
| | : | |
| Kari B. Coniglio, Trustee, | : | Adv. Pro. No. 20-01013 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| Richard M. Osborne, Sr., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF RIGRTONA HOLDING COMPANY, LLC TO TRUSTEE'S COMPLAINT TO (I) SUBSTANTIVELY CONSOLIDATE NON-DEBTOR ENTITIES; (II) AVOID AND RECOVER PREFENTIAL TRANSFERS; (III) AVOID AND RECOVER FRAUDULENT TRANSFERS; (IV) AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS; (V) OBJECT TO CERTAIN CLAIMS; (VI) DETERMINE SECURED STATUS AND PRIORITY; (VII) OBTAIN AN ACCOUNTING; AND (VIII) DETERMINE VALIDITY AND PRIORITY OF LIENS**

Defendant Rigrtona Holding Company, LLC ("Rigrtona") states as follows for its answer to the *Complaint to (i) Substantively Consolidate Non-Debtor Entities; (ii) Avoid and Recover Preferential Transfers; (iii) Avoid and Recover Fraudulent Transfers; (iv) Avoid and Recover Unauthorized Post-Petition Transfers; (v) Object to Certain Claims; (vi) Determine Secured Status and Priority; (vii) Obtain an Accounting; and (viii) Determine Validity and Priority of Liens* filed on February 10, 2020 [Doc. #1] (the "Complaint") by Trustee Kari B. Coniglio (the "Trustee") for the chapter 7 estate of Debtor Richard M. Osborne (the "Debtor"):

## Introduction[1]

1. Rigrtona lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Rigrtona admits the allegations contained in paragraph 2.

3. Rigrtona admits the allegations contained in paragraph 3.

4. Rigrtona admits the allegations contained in paragraph 4.

5. Rigrtona admits the allegations contained in paragraph 5.

## Jurisdiction and Venue

6. Rigrtona denies the allegations contained in paragraph 6. except that Rigrtona admits that this bankruptcy court has jurisdiction over this adversary proceeding pursuant to 28 USC §§ 157(a), 1334(b) and (e), and General Order 2012-7 of the United States District Court for the Northern District of Ohio.

7. In response to the allegations contained in paragraph 7. of the Trustee's Complaint Rigrtona admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (E), (K) and (O). To the extent that the matters herein are determined not to be core proceedings, they are related to the bankruptcy case referenced above and Rigrtona consents to the referral of this adversary proceeding to the bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

8. Rigrtona admits the allegations contained in both paragraphs numbered 8.

9. Rigrtona admits the allegations contained in paragraph 9.

10. Rigrtona admits the allegations contained in paragraph 10.

---

[1] Rigrtona reproduces the Trustee's headings herein solely as an organizational guide and not as an admission of the truth of allegations therein.

11. Rigrtona admits the allegations contained in paragraph 11.

12. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

## Factual Background

### Obligations Owed to Rigrtona

14. Rigrtona admits that Rigrtona extended a loan to Rigrtona Trust in the amount alleged in paragraph 14.

15. Rigrtona admits the allegations contained in paragraph 15.

16. Rigrtona admits the allegations contained in paragraph 16.

### RMO, Inc.

17. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. Rigrtona admits the allegations contained in paragraph 18.

19. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. Rigrtona admits the allegations contained in paragraph 20.

21. Rigrtona denies the allegations contained in paragraph 21. Further answering, Rigrtona admits that payments were made to Diane Osborne from the RMO Inc. account.

22. Rigrtona denies the allegations contained in paragraph 22. Rigrtona admits RMO, Inc. had a checking account at Erie Bank a division of CNB Bank.

23. Rigrtona admits the allegations contained in paragraph 23.

24. Rigrtona denies the allegations contained in paragraph 24.

### Rigrtona Holding

25. Rigrtona denies the allegations contained in paragraph 25.

26. Rigrtona admits the allegations contained in paragraph 26.

27. Rigrtona admits the allegations contained in paragraph 27.

28. Rigrtona admits the allegations contained in paragraph 28.

29. Rigrtona admits the allegations contained in paragraph 29.

30. Rigrtona denies the allegations contained in paragraph 30. Further answering, Home Savings received $205,213.07.

31. Rigrtona denies in part the allegations contained in paragraph 31. Further answering, the payment to Home Savings was also made on behalf of other entities and other loans to Home Savings and to settle several outstanding obligations and litigation among Home Savings, the Debtor and other entities owned or controlled by the Debtor.

32. Rigrtona denies the allegations contained in paragraph 32.

33. Rigrtona denies the allegations contained in paragraph 33.

34. Rigrtona admits the allegations contained in paragraph 34.

35. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35.

### Loans Extended by Diane Osborne to the Debtor and Affiliates

36. Rigrtona denies the allegations contained in paragraph 36. Rigrtona admits there were several loans by Diane Osborne or her trust to the Debtor or entities he controlled.

37. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37. Rigrtona admits there were several loans by Diane Osborne or her trust to the Debtor or entities he controlled.

38. Rigrtona denies the allegations contained in paragraph 38. except that Debtor admits he and his trust pledged shares in Osborne, Inc. to Diane Osborne, but the stated numbers may not be the actual number of shares pledged.

39. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39.

40. Rigrtona denies the allegations contained in paragraph 40. Rigrtona admits the allegation that Diane Osborne extended the second loan to the Debtor.

41. Rigrtona denies the allegations contained in paragraph 41. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

42. Rigrtona denies the allegations contained in paragraph 42. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

43. Rigrtona admits the allegations contained in paragraph 43.

44. Rigrtona admits the allegations contained in paragraph 44.

45. Rigrtona denies the allegations contained in paragraph 45. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

46. Rigrtona admits the allegations contained in paragraph 46.

47. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47.

48. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48. Rigrtona admits that there was a loan to Nathan Properties by Diane Osborne.

49. Rigrtona denies the allegations contained in paragraph 49. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

50. Rigrtona admits the allegations contained in paragraph 50.

51. Rigrtona admits the allegations contained in paragraph 51.

52. Rigrtona denies the allegations contained in paragraph 52. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

53. Rigrtona admits the allegations contained in paragraph 53.

54. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54. Rigrtona admits that there was a loan to Mentor Condos by Diane Osborne.

55. Rigrtona denies the allegations contained in paragraph 55. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017. Rigrtona admits this loan was made.

56. Rigrtona admits the allegations contained in paragraph 56.

57. Rigrtona admits the allegations contained in paragraph 57.

### February 25, 2016 Loan Agreement

58. Rigrtona admits the allegations contained in paragraph 58.

59. Rigrtona admits the allegations contained in paragraph 59.

60. Rigrtona admits the allegations contained in paragraph 60.

61. Rigrtona admits the allegations contained in paragraph 61.

62. Rigrtona denies the allegations contained in paragraph 62.

63. Rigrtona denies the allegations contained in paragraph 63. Periodic payments of interest were made on all the loans to Diane Osborne from the time the loans were incurred until November 2017.

64. Rigrtona admits the allegations contained in paragraph 64.

65. Rigrtona admits the allegations contained in paragraph 65.

66. Rigrtona admits the allegations contained in paragraph 66.

### Subordination Of HSL Mortgage

67. Rigrtona admits the allegations contained in paragraph 67.

68. Rigrtona admits the allegations contained in paragraph 68.

### Diane Osborne's and DMO Trusts Continuous Release of Collateral for Little or No Consideration

69. Rigrtona denies the allegations contained in paragraph 69.

70. Rigrtona denies the allegations contained in paragraph 70.

71. Rigrtona admits the allegations contained in paragraph 71.

72. Rigrtona admits the allegations contained in paragraph 72.

73. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73.

74. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 74.

75. Rigrtona admits the allegations contained in paragraph 75.

76. Rigrtona denies the allegations contained in paragraph 76.

**Diane Osborne's and DMO's Trusts Failure to Pursue Collection Remedies**

77. Rigrtona denies the allegations contained in paragraph 77. Debtor made periodic monthly payments of interest on all the loans to Diane Osborne from the time the loans were incurred until November 2017.

78. Rigrtona admits the allegations contained in paragraph 78.

79. Rigrtona denies the allegations contained in paragraph 79.

80. Rigrtona denies the allegations contained in paragraph 80. Rigrtona admits that sometimes substitute collateral was provided to enable the proceeds of a sale to be freed for other uses.

81. Rigrtona admits the allegations contained in paragraph 81.

82. Rigrtona denies the allegations contained in paragraph 82.

83. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 83.

**Diane Osborne and DMO's Trusts Failure
to Conduct Adequate Due Diligence or to Keep Adequate Records**

84. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 84.

85. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 85.

86. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 86.

87. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 87.

88. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 88.

### The Debtor's Insolvency

89. Rigrtona denies the allegations contained in paragraph 89.

90. Rigrtona denies the allegations contained in paragraph 90.

91. Rigrtona denies the allegations contained in paragraph 91. Rigrtona admits those are the amounts on the Debtor's Schedules as to the amounts of the Debtor's assets and liabilities on the Petition Date.

92. Rigrtona denies the allegations contained in paragraph 92. Rigrtona admits there were many judgment liens taken against the Debtor including those cited by the Plaintiff in this paragraph.

93. Rigrtona lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 93.

### Count I

94. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 94.

95. Rigrtona admits the allegations contained in paragraph 95.

96. Rigrtona admits the allegations contained in paragraph 96.

97. Rigrtona admits the allegations contained in paragraph 97.

98. Rigrtona denies the allegations contained in paragraph 98.

99. Rigrtona denies the allegations contained in paragraph 99.

100. Rigrtona denies the allegations contained in paragraph 100.

101. Rigrtona denies the allegations contained in paragraph 101.

102. Rigrtona denies the allegations contained in paragraph 102.

103. Rigrtona denies the allegations contained in paragraph 103.

104. Rigrtona denies the allegations contained in paragraph 104. Rigrtona admits the allegation the RMO, Inc. has no creditors.

105. Rigrtona denies the allegations contained in paragraph 105.

106. Rigrtona denies the allegations contained in paragraph 106.

## **Count II**

107. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 107.

108. Rigrtona admits the allegations contained in paragraph 108.

109. Rigrtona denies the allegations contained in paragraph 109.

110. Rigrtona denies the allegations contained in paragraph 110.

111. Rigrtona denies the allegations contained in paragraph 111.

112. Rigrtona denies the allegations contained in paragraph 112.

113. Rigrtona denies the allegations contained in paragraph 113.

114. Rigrtona denies the allegations contained in paragraph 114.

115. Rigrtona denies the allegations contained in paragraph 115.

116. Rigrtona denies the allegations contained in paragraph 116.

## Count III

117. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 117.

118. Rigrtona denies the allegations contained in paragraph 118. Debtor has admitted that he and his trust pledged shares in Osborne, Inc. to Diane Osborne, but the stated numbers may not be the actual number of shares pledged.

119. Rigrtona admits the allegations contained in paragraph 119.

120. Rigrtona denies the allegations contained in paragraph 120.

121. Rigrtona admits the allegations contained in paragraph 121.

122. Rigrtona denies the allegations contained in paragraph 122.

123. Rigrtona denies the allegations contained in paragraph 123.

124. Rigrtona admits the allegations contained in paragraph 124.

125. Rigrtona admits the allegations contained in paragraph 125.

126. Rigrtona denies the allegations contained in paragraph 126.

127. Rigrtona denies the allegations contained in paragraph 127.

128. Rigrtona denies the allegations contained in paragraph 128.

129. Rigrtona denies the allegations contained in paragraph 129.

130. Rigrtona denies the allegations contained in paragraph 130.

## Count IV

131. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through 131.

132. Rigrtona admits the allegations contained in paragraph 132.

133. Rigrtona denies the allegations contained in paragraph 133.

134. Rigrtona denies the allegations contained in paragraph 134.

135. Rigrtona denies the allegations contained in paragraph 135.

136. Rigrtona denies the allegations contained in paragraph 136.

137. Rigrtona denies the allegations contained in paragraph 137.

138. Rigrtona admits the allegations contained in paragraph 138.

139. Rigrtona admits the allegations contained in paragraph 139.

140. Rigrtona denies the allegations contained in paragraph 140.

### Count V

141. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 141.

142. Rigrtona admits the allegations contained in paragraph 142.

143. Rigrtona denies the allegations contained in paragraph 143.

144. Rigrtona denies the allegations contained in paragraph 144.

145. Rigrtona denies the allegations contained in paragraph 145.

146. Rigrtona denies the allegations contained in paragraph 146.

147. Rigrtona denies the allegations contained in paragraph 147.

148. Rigrtona denies the allegations contained in paragraph 148.

149. Rigrtona denies the allegations contained in paragraph 149.

150. Rigrtona denies the allegations contained in paragraph 150.

151. Rigrtona denies the allegations contained in paragraph 151.

152. Rigrtona denies the allegations contained in paragraph 152.

153. Rigrtona denies the allegations contained in paragraph 153.

## Count VI

154. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 154.

155. Rigrtona denies the allegations contained in paragraph 155.

156. Rigrtona denies the allegations contained in paragraph 156.

157. Rigrtona denies the allegations contained in paragraph 157.

158. Rigrtona denies the allegations contained in paragraph 158.

159. Rigrtona denies the allegations contained in paragraph 159.

## Count VII

160. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 160.

161. Rigrtona denies the allegations contained in paragraph 161.

162. Rigrtona admits the allegations contained in paragraph 162.

163. Rigrtona denies the allegations contained in paragraph 163.

164. Rigrtona denies the allegations contained in paragraph 164.

165. Rigrtona denies the allegations contained in paragraph 165.

## Count VIII

166. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 166.

167. Rigrtona denies the allegations contained in paragraph 167.

168. Rigrtona admits the allegations contained in paragraph 168.

169. Rigrtona denies the allegations contained in paragraph 169.

170. Rigrtona denies the allegations contained in paragraph 170.

171. Rigrtona denies the allegations contained in paragraph 171.

## Count IX

172. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 172.

173. Rigrtona admits the allegations contained in paragraph 173.

174. Rigrtona denies the allegations contained in paragraph 174.

175. Rigrtona denies the allegations contained in paragraph 175.

176. Rigrtona denies the allegations contained in paragraph 176.

177. Rigrtona denies the allegations contained in paragraph 177.

178. Rigrtona denies the allegations contained in paragraph 178.

179. Rigrtona denies the allegations contained in paragraph 179.

180. Rigrtona denies the allegations contained in paragraph 180.

181. Rigrtona denies the allegations contained in paragraph 181.

182. Rigrtona denies the allegations contained in paragraph 182.

183. Rigrtona denies the allegations contained in paragraph 183.

184. Rigrtona denies the allegations contained in paragraph 184.

## Count X

185. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 185.

186. Rigrtona denies the allegations contained in paragraph 186.

187. Rigrtona denies the allegations contained in paragraph 187.

188. Rigrtona denies the allegations contained in paragraph 188.

189. Rigrtona denies the allegations contained in paragraph 189.

## Count XI

190. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 190.

191. Rigrtona denies the allegations contained in paragraph 191.

192. Rigrtona admits the allegations contained in paragraph 192.

193. Rigrtona denies the allegations contained in paragraph 193.

194. Rigrtona denies the allegations contained in paragraph 194.

195. Rigrtona admits the allegations contained in paragraph 195.

196. Rigrtona denies the allegations contained in paragraph 196.

197. Rigrtona denies the allegations contained in paragraph 197.

## Count XII

198. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 198.

199. Rigrtona denies the allegations contained in paragraph 199.

200. Rigrtona denies the allegations contained in paragraph 200.

201. Rigrtona denies the allegations contained in paragraph 201.

202. Rigrtona denies the allegations contained in paragraph 202.

203. Rigrtona denies the allegations contained in paragraph 203.

## Count XIII

204. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 204.

205. Rigrtona denies the allegations contained in paragraph 205.

206. Rigrtona denies the allegations contained in paragraph 206.

207. Rigrtona denies the allegations contained in paragraph 207.

208. Rigrtona denies the allegations contained in paragraph 208.

## Count XIV

209. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 209.

210. Rigrtona denies the allegations contained in paragraph 210.

211. Rigrtona denies the allegations contained in paragraph 211.

212. Rigrtona denies the allegations contained in paragraph 212.

213. Rigrtona denies the allegations contained in paragraph 213.

## Count XV

214. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 214.

215. Rigrtona denies the allegations contained in paragraph 215.

216. Rigrtona admits the allegations contained in paragraph 216.

217. Rigrtona denies the allegations contained in paragraph 217.

218. Rigrtona denies the allegations contained in paragraph 218. for lack of knowledge.

219. Rigrtona denies the allegations contained in paragraph 219.

220. Rigrtona denies the allegations contained in paragraph 220.

221. Rigrtona denies the allegations contained in paragraph 221.

## Count XVI

222. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 222.

223. Rigrtona denies the allegations contained in paragraph 223.

224. Rigrtona denies the allegations contained in paragraph 224.

225. Rigrtona denies the allegations contained in paragraph 225.

### Count XVII

226. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 226.

227. Rigrtona denies the allegations contained in paragraph 227.

228. Rigrtona admits the allegations contained in paragraph 228.

229. Rigrtona admits the allegations contained in paragraph 229.

230. Rigrtona admits the allegations contained in paragraph 230.

231. Rigrtona denies the allegations contained in paragraph 231.

### Count XVIII

232. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 232.

233. Rigrtona admits the allegations contained in paragraph 233.

234. Rigrtona denies the allegations contained in paragraph 234.

235. Rigrtona denies the allegations contained in paragraph 235.

236. Rigrtona denies the allegations contained in paragraph 236.

237. Rigrtona denies the allegations contained in paragraph 237.

### Count XIX

238. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 238.

239. Rigrtona admits the allegations contained in paragraph 239.

240. Rigrtona denies the allegations contained in paragraph 240.

241. Rigrtona denies the allegations contained in paragraph 241.

242. Rigrtona denies the allegations contained in paragraph 242.

243. Rigrtona admits the allegations contained in paragraph 243.

## Count XX

244. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 244.

245. Rigrtona denies the allegations contained in paragraph 245.

246. Rigrtona denies the allegations contained in paragraph 246.

## Count XXI

247. Rigrtona incorporates by reference as if fully rewritten here its answers to paragraphs 1 through this paragraph 247.

248. Rigrtona denies the allegations contained in paragraph 248.

249. Rigrtona denies the allegations contained in paragraph 249.

250. Rigrtona denies the allegations contained in paragraph 250.

251. Rigrtona denies the allegations contained in paragraph 251.

## AFFIRMATIVE DEFENSES

252. Rigrtona incorporates by reference its answer to the preceding paragraphs as if fully rewritten herein.

253. The Complaint fails to state a claim upon which relief may be granted.

254. The Complaint misrepresents facts in the allegations presented.

255. Rigrtona reserves the right to assert additional defenses as discovery and this matter proceeds.

WHEREFORE, Rigrtona respectfully requests the court dismiss the Trustee's Complaint in its entirety, and for any such other relief to which the Rigrtona may be entitled.

> Respectfully Submitted,
>
> LEVINSON LLP
>
> /s/Jeffrey M. Levinson
> Jeffrey M. Levinson (OBR 0046746)
> 55 Public Square, Suite 1750
> Cleveland, OH 44113
> (216) 514-4935
> (216) 532-2212 Fax
> jml@jml-legal.com
>
> Counsel for Rigrtona Holding Company, LLC

Dated: April 10, 2020

## CERTIFICATE OF SERVICE

A copy of this Answer was served this 10th day of April, 2020, via the Court's ECF system on all parties or their counsel of record as follows.

Marcel C. Duhamel
mcduhamel@vorys.com
Attorney for the Trustee

Bryan J. Farkas
bjfarkas@vorys.com
Attorney for the Trustee

Carrie M. Brosius
cmbrosius@vorys.com
Attorney for the Trustee

Patrick R. Akers
prakers@vorys.com
Attorney for the Trustee

Michael J. Moran, Esq.
mike@gibsonmoran.com
Attorney for Diane Osborne

Fred Schwieg
fschwieg@schwieglaw.com
Attorney for Debtor

                                      /s/Jeffrey M. Levinson
                                      Jeffrey M. Levinson (OBR 0046746)