The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 16, 2023, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: February 16, 2023**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | Adv. Proceeding No. 20-01013 |
| KARI B. CONIGLIO, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD M. OSBORNE, SR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING THE TRUSTEE'S COMBINED PARTIAL MOTION
## FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT

This matter is before the Court upon Plaintiff Kari B. Coniglio's, the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), *Combined Partial Motion for Default Judgment and Summary Judgment* (the "Motion"). Through the Motion, the Trustee seeks default

1

judgment and summary judgment on Counts XI, XII, XIII, XIV, XV, and XVI of her Complaint. After reviewing the Motion and the evidence presented therein, including the declaration provided by the Trustee, the Court makes the following findings.

1. The Court finds that the parties were served with the Motion and that no objections or responses to the Motion were filed.

2. The Court further finds that the Trustee is entitled to default judgment against RMO, Inc. on Counts XI, XII, XIII, XIV, XV, and XVI of her Complaint. The Court further finds that RMO, Inc. was duly served with Complaint pursuant to Fed. R. Bankr. P. 7004, that RMO, Inc. failed to respond timely to the Complaint pursuant to Fed. R. Bankr. P. 7012, that RMO, Inc. was in default, and that the Clerk of Courts entered RMO, Inc.'s default. As a result, the Court finds that RMO, Inc. admitted all of the allegations in the Complaint.

3. The Court further finds that the allegations for Counts XI, XII, XIII, XIV, XV, and XVI of the Complaint are well pleaded and grounded in law.

4. The Court further finds that the Trustee has presented evidence sufficient to establish that there is no genuine issue of material fact on Counts XI, XII, XIII, XIV, XV, and XVI of the Complaint and that the Trustee is entitled to judgment as a matter of law.

5. The Court further finds, based on the evidence presented in the Motion, that the transfer by Debtor of the HSL Note[1], the HSL Mortgage and the other HSL Loan Documents to Rigrtona Holding Company, LLC was fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B) (Count XII); 11 U.S.C. § 544(b) and O.R.C. § 1336.04(A)(2) (Count XIII); 11 U.S.C. § 544(b) and O.R.C. § 1336.05(A) (Count XIV); 11 U.S.C. § 548(a)(1)(A) (Count XI); and 11 U.S.C. § 544(b) and O.R.C. § 1336.04(A)(1) (Count XV).

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings assigned to them in the Motion.

6. Accordingly, the Court further finds that pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover the HSL Note, the HSL Mortgage and the other HSL Loan Documents for the benefit of the Debtor's bankruptcy estate.

Accordingly, it is HEREBY ORDERED that:

1. The Motion is hereby GRANTED.

2. Judgment is hereby entered in favor of the Trustee on Counts XI, XII, XIII, XIV, XV, and XVI of the Complaint.

3. The transfer of the HSL Note, the HSL Mortgage and the other HSL Loan Documents from the Debtor to Rigrtona Holding Company, LLC is hereby avoided.

4. The HSL Note, the HSL Mortgage and the other HSL Loan Documents hereby constitute property of the Debtor's bankruptcy estate, to be administered by the Trustee pursuant to applicable law.

5. Pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54(B), the Court directs entry of final judgment on Counts XI, XII, XIII, XIV, XV, and XVI of the Complaint and finds that there is no just reason for delay.

**IT IS SO ORDERED.**

# # #

SUBMITTED BY:

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
mcduhamel@vorys.com

*Counsel to the Trustee*

Copies sent via electronic mail on the attached service list:

- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Michael J. Moran    mike@gibsonmoran.com, moranecf@gmail.com;r55982@notify.bestcase.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- United States Trustee    (Registered address)@usdoj.gov

And to the following via regular U.S. Mail:

RMO, Inc.
c/o Melvyn E. Resnick, Statutory Agent
153 E. Erie Street, Suite 304
Painesville, OH 44077

Rigrtona Holding Company, LLC
c/o Richard M. Osborne, Statutory Agent
7001 Center rear door
Mentor, OH 44060

Brandon D.R. Dynes
c/o Bridey Matheney
1282 W.58th Street
Cleveland, OH 44102